# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER M. HUNT, SR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:17-CV-02294-RWS |
| NATIONSTAR MORTGAGE | : |
| LLC, DEUTSCHE BANK | : |
| NATIONAL TRUST | : |
| COMPANIES, ALLBERTELLI | : |
| LAW, and CORPORATION | : |
| SERVICE COMPANY, | : |
| | : |
| Defendants. | : |

## **ORDER**

This case comes before the Court following its Order to Show Cause as to why this case should not be remanded for lack of subject matter jurisdiction. After reviewing the record, the Court enters the following Order.

## Background

Plaintiff filed this case in the Superior Court of DeKalb County, Georgia on May 2, 2017. (Dkt. [3-1].) Defendants Nationstar Mortgage LLC ("Nationstar") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively "Defendants") removed the case to this Court pursuant to 28

U.S.C. § 1332. (Dkt. [1].) In doing so, they pointed out that Defendant Allbertelli Law is a potential citizen of Georgia. The Court therefore ordered the parties to show cause as to why this case should not be remanded due to lack of diversity and stayed all proceedings pending the Court's ruling on the issue of subject matter jurisdiction. (Order, Dkt. [5].)

Despite initial confusion as to the entity referred to as Allbertelli Law in the Complaint, it is now clear that Plaintiff refers to The Albertelli Firm, P.C. ("Albertelli"), a Georgia professional corporation. As Plaintiff is a citizen of Georgia, Albertelli's presence in this suit defeats diversity and deprives the Court of subject matter jurisdiction unless Defendants can show that Albertelli was fraudulently joined.

## Discussion

### I. Subject Matter Jurisdiction

#### A. Legal Standard

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court lacks subject matter jurisdiction over a removal action when it does not have "original jurisdiction over the plaintiff's claims." Univ. of S.

2

Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009). "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001). "[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) (quoting Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).

### **B.** **Analysis**

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). It can be established "when there is no possibility that the plaintiff can prove a cause of action

3

against the resident (non-diverse) defendant" or "when there is outright fraud in the plaintiff's pleading of jurisdictional facts" in order to defeat diversity jurisdiction. Id. The removing party has the burden of showing one of these two circumstances by clear and convincing evidence. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). If fraudulent joinder has been established, the Court "must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Id.

To determine whether fraudulent joinder exists, the Court must look to the complaint at the time it was removed, as well as any affidavits and deposition transcripts submitted by the parties. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). If there exists "*even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Triggs, 154 F.3d at 1287 (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983)). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Id. The Court evaluates a plaintiff's

4

claims under the state's pleading standards, not the standard for evaluating a motion to dismiss under Rule 12(b)(6). Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1334 (11th Cir. 2011). The Court must accept all factual allegations in the complaint as true and "construe them in the light most favorable to the plaintiff." Henderson, 454 F.3d at 1281 (quoting Simmons v. Sonyika, 394 F.3d 1335, 1338 (11th Cir. 2004)).

Looking solely at Plaintiff's claims against Albertelli, the Court concludes that the Complaint does not state a cause of action against Albertelli that would survive dismissal in state court. Under Georgia's notice pleading standard, all that is required is that "the pleading gives fair notice and states the elements of the claim plainly and succinctly." Stillwell, 663 F.3d at 1334 (quoting Carley v. Lewis, 472 S.E.2d 109, 110–11 (Ga. Ct. App. 1996)). "[P]leadings are to be construed liberally and reasonably" and are to "serve only the purpose of giving notice to the opposing party of the general nature of the contentions of the pleader." Racette v. Bank of Am., N.A., 733 S.E.2d 457, 465 (Ga. Ct. App. 2012) (internal quotations omitted).

As it relates to Albertelli, the Complaint appears to allege that Albertelli lied on its application to the Secretary of State with regards to the identity and

5

location of its registered agent. (Compl., Dkt. [3-1] ¶ 2, at 3–4.) As a result, Plaintiff was unable to serve Albertelli in its prior litigation, resulting in damages, both monetary and emotional, to Plaintiff. (Id. ¶ 3, at 4–6.) Since, Plaintiff alleges, Albertelli is unauthorized to do business in Georgia due to its application, any foreclosures it participated in were illegal. (Id. ¶ 3, at 5.) Albertelli is also participating in the unauthorized practice of law in violation of Rule 5.5 of the Georgia Rules of Professional Conduct. (Id. ¶ 2, at 3–4.)

As to Plaintiff's claim that Albertelli lied on its application to the Secretary of State and failed to maintain a registered agent, Georgia law provides alternatives for service when service cannot be made upon the registered agent. O.C.G.A. § 14-2-504. Georgia law does not create a private cause of action in these circumstances. As to Plaintiff's claim against Albertelli for the unauthorized practice of law, "Georgia law does not recognize a private right of action for the alleged unauthorized practice of law." Oswell v. Nixon, 620 S.E.2d 419, 422 (Ga. Ct. App. 2005). Neither of these theories creates a cause of action that would survive dismissal in state court.

Plaintiff has not asserted any independent actions undertaken by Albertelli for which he claims an entitlement to relief. He has therefore not

6

stated a possible claim against Albertelli, and its joinder was improper. Albertelli's citizenship is thus disregarded for determining whether diversity of citizenship exists. Ignoring the non-diverse defendant, the remaining parties are diverse from Plaintiff. Diversity of citizenship supported the removal of this case, and the Court has subject matter jurisdiction.

## II. Motion for Contempt

While this case was pending in the Superior Court of DeKalb County, Georgia, Plaintiff filed a Motion for Contempt [4] alleging that the Defendants violated a court order forbidding foreclosure on his property. "Courts have inherent power to enforce compliance with their lawful orders through civil contempt." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992). "Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." Id. "Parties subject to a court's order

7

demonstrate an inability to comply only by showing that they have made in good faith all reasonable efforts to comply." Citronelle-Mobile, 943 F.2d at 1301 (internal quotation omitted). To meet this burden, the contemnor must do more than merely assert an inability to comply. Rather, the contemnor must "produce detailed evidence specifically explaining why he cannot comply" with the court's order. Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 740 (11th Cir. 2006). If, and only if, the alleged contemnor makes a sufficient evidentiary showing, then the burden shifts back to the party seeking contempt to prove the ability to comply. Wellington Precious Metals, 950 F.2d at 1529.

It appears from the record that the court order referred to by Plaintiff was a temporary restraining order entered on September 2, 2014, by the Superior Court of DeKalb County, Georgia. (Order, Dkt. [3-1], at 71–72.) This order was entered in another connected case that was also removed to federal court. Hunt v. Nationstar Mortgage, LLC, 1:14-CV-03649-RWS (N.D. Ga.). On August 19, 2015, the Court entered an Order adopting the Report and Recommendation and dismissing all claims with prejudice. Order, Hunt, 1:14-CV-03649 (N.D. Ga. Aug. 19, 2015), Dkt. [39]. As such, there was no outstanding court order that could have been violated by a foreclosure sale.

AO 72A
(Rev.8/82)

Plaintiff has failed to make a *prima facie* case for contempt. His Motion for Contempt [4] is therefore **DENIED**.

### III. Other Motions

In the Order to Show Cause [5], the Court stayed all proceedings pending a determination of whether the Court has subject matter jurisdiction in this case. Since June 23, 2017, when that order was entered, Plaintiff has filed a motion for default and to remand [8] and a motion to recuse, for default summary judgment, to remand, and to void foreclosure [11]. These motions should not have been filed while this case was stayed. They are therefore **DENIED without prejudice**, and Plaintiff has leave to refile these motions.

## Conclusion

In accordance with the foregoing, the Court finds that it has jurisdiction over this matter. Plaintiff's Motion for Contempt [4] is **DENIED**. Plaintiff's Motion for Default and Motion to Remand [8] and Motion to Recuse, Motion for Default Summary Judgment and Motion to Remand, Motion to Void Foreclosure [11] are **DENIED without prejudice** with leave to refile. Pursuant to this Court's Standing Order no. 14-01, this case is **REFERRED** to the next available Magistrate Judge for hearing and determining pretrial

9

matters pending before the Court.

**SO ORDERED**, this 25th day of October, 2017.

_____
**RICHARD W. STORY**
United States District Judge